IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GEORGE LEWELLEN                                                                         PLAINTIFF

v.                                      CIVIL NO. 12-5023

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, George Lewellen, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for SSI on December 8, 2009, alleging an inability to work since September 3, 2008, due to a back injury. (Tr. 114, 125). An administrative hearing was held on May 24, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 23-64).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

By written decision dated June 17, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: obesity, an affective mood disorder, and borderline intellectual functioning.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 12).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform less than the full range of light exertional work as defined in 20 CFR 416.967(b).  Specifically, the claimant is able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, push and/or pull consistent with lifting/carrying limitations, stand and/or walk 6-8 hours in an 8 hour workday, two hours at a time, and sit 6-8 hours in an 8 hour workday, 2 hours at a time. The claimant is able to perform simple repetitive tasks, which are learned and performed by rote with few variables and little judgment, in a habituated, and object oriented work setting.  The claimant can have only incidental contact with co-workers and the general public and requires simple, direct and concrete supervision.

(Tr. 14).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a poultry laborer, a production and assembly worker, and a janitor.  (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted, denied that request on December 9, 2011.  (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 3).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 6,8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

-3-

1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff argues the following issues in this appeal: 1) the ALJ erred in finding Plaintiff did not meet Listing 12.05C of the Listing of Impairments, and did not properly discuss a Performance IQ score of 70.

####   A.    Listing Impairment 12.05C:

Under Listing 12.05C, a claimant suffers from the required severity of mental retardation if he shows a valid verbal, performance, or full scale IQ of 60 through 70, with an onset prior to age 22, and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; McNamara v. Astrue, 590 F.3d 607, 611 (8th Cir. 2010). When trying to establish that the Listing 12.05C

requirements have been met, the claimant must also meet the requirements in the introductory paragraph of Listing 12.05. Maresh v. Barnhart, 438 F.3d 897, 899 (8th Cir. 2006). Those requirements clearly include demonstrating that the claimant suffered "deficits in adaptive functioning" and that those deficits "initially manifest during the developmental period [before age 22]." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; Cheatum v. Astrue, 388 Fed. Appx. 574, 576 (8th Cir. 2010)(citations omitted).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet Listing 12.05C.

**B.**     **The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations during the relevant time period, the ALJ considered the consultative examiners notes and assessments; Plaintiff's subjective complaints; and his medical records.  With regard to Plaintiff's obesity, the ALJ noted the consultative examiner did not indicate any limitations caused by Plaintiff's obesity.  Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).  With regard to Plaintiff's back pain, the Court notes that Plaintiff's surgeon opined in March 17 2011, that Plaintiff did not have any activity restrictions.  (Tr. 299).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the relevant time period.

### C. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a

whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The ALJ also pointed out that Plaintiff had found a full-time job in April of 2011, and that while Plaintiff testified at the May 24, 2011, administrative hearing that the job would be ending, Plaintiff further testified that he had put in applications to work at some fast-food restaurants. (Tr. 29-30, 44). Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude him from performing work as a poultry laborer, a production and assembly worker, and a janitor. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

AO72A
(Rev. 8/82)

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 11th day of March, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)